FILED

2005 Feb-18  PM 06:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN CAPITOL INSURANCE COMPANY, | ] ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-VEH-2381-S |
| | ] | |
| PRIME ACQUISITION GROUP, LLC, et al., | ] ] | |
| | ] | |
| Defendants. | ] | |

## MEMORANDUM OF OPINION

On August 3, 2004, Plaintiff, American Capitol Insurance Company ("Plaintiff") filed a Complaint in Interpleader against Prime Acquisition Group, LLC ("PAG"),  and seventeen funeral homes.  All of the funeral homes are located in Alabama.  PAG is located in Florida.

On October 21, 2004, PAG filed a Motion to Transfer Venue to the Southern District of Florida.   Plaintiff and multiple funeral home defendants oppose the transfer.  For the reasons discussed herein, the Motion to Transfer will be denied.

I.   Facts.

The Complaint seeks a determination of competing claims among the defendants as to the proceeds of certain life insurance policies, which policies and proceeds were an asset of a bankruptcy estate in Florida, but which were sold pursuant to Bankruptcy Court order, effective January 28, 2004.  PAG asserts that the proceeds of policies whose insureds died prior to January 28, 2004 should be paid to it.  The other defendants claim that they are entitled to the proceeds of the policies, whether the insured died before or after January 28, 2004.  Plaintiff seeks a determination of these competing claims.

II.   Standard.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, and in the interest of justice" a civil action may be transferred  to  any district where it could have been brought.  *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).  However,  it has generally been held that "[t]he plaintiff's choice of forum should  not  be  disturbed  unless  it  is  clearly  outweighed  by  other

considerations." *Howell v. Tanner*, 650 F.2d 610,  616 (5th Cir. 1981).

With regard to this issue, "Defendants . . . bear the burden of proof, and must make a convincing showing of the right to transfer." *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1363 (S.D. Fla. 2001).  Various courts have attempted to list the factors that should be considered in determining when an action should be transferred. *See id.* at 1359.  The court should consider among other factors, the plaintiff's choice of forum, the location of evidence that will need to be examined, the availability of compulsory process to obtain the testimony of witnesses, the convenience of the parties and witnesses, and when appropriate, the relative ability of the parties to afford the expenses made necessary by the transfer.  See Id. at 1359.

III.   Discussion.

The first inquiry that must be made is whether the case could have been brought in the Southern District of Florida.  If the case could not have been brought in that court, then the case cannot be transferred to that court.  *See* 28 U.S.C. § 1404(a).  Plaintiff concedes that this action could have been brought in federal district court in the Southern District of

Florida, but argues that, because PAG has stated that it will then refer this action to the Bankruptcy Court, and because this action could not originally have been brought before the Bankruptcy Court, this court should treat the Bankruptcy Court, and not the District Court, as the transferee court and should deny the Motion on that basis.  This court declines to ignore the fact that the court to which it has been requested to transfer this action is a United States District Court which admittedly would have been a proper court in which to institute this action.

Since the case could have originally been brought in the Southern District of Florida, the court will continue with its consideration of the transfer.

Plaintiff's chosen forum is an important factor and must be "clearly outweighed by other considerations" before the case is to be transferred." *Howell* at 616. The second and third factors, the convenience of the parties and the convenience of the witnesses, overwhelmingly  support retention. Of the 19 parties in this action, 17 are limited liability corporations organized under the laws of the State of Alabama with their principal places of business in Alabama (collectively, the "Alabama Defendants").  The only

party with any connection to Florida is PAG.  PAG makes no argument that any witnesses are in Florida.  However, Plaintiff asserts that "[a]lmost certainly, any witnesses connected to [the Alabama Defendants] will be Alabama residents.

PAG does not assert that the Northern District of Alabama would be inconvenient for its witnesses and for PAG.  Therefore, although "[o]ne factor to be considered is the convenience of the defendants," *Mason* at 1361, the court will not assert an argument that was not raised by PAG. The court notes that PAG is a resident of Florida.  Most any litigation would be more convenient for PAG in the forum of its residence rather than a forum in another state.  "Where a transfer 'merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain.'" *Mason* at 1361(quoting *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000)).

Other factors, specifically the relative ease of access to sources of proof, and the location of relevant documents, also appear to favor retention, in the absence of any assertions or evidence by PAG to the contrary.  The factor of the availablility of compulsory process for witnesses

Page 5 of  7

also has not been raised by PAG and therefore, based on Plaintiff's unopposed argument, weighs in favor of retention.

Yet another factor, relative costs to the parties, also was not raised by PAG.  Plaintiff admits that this factor is unclear.  However, the costs to the (17) Alabama Defendants to litigate in Florida would seem logically to exceed the cost to one Florida defendant, PAG, of litigating in Alabama.

Finally, the factor of trial efficiency is neutral at best.  This action was filed three months before the adversary proceeding that is pending before the Bankruptcy Court.  Additionally, this court is persuaded that the Bankruptcy Court lacks subject matter jurisdiction over this action.  *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990) stands for the proposition that a bankruptcy court does not have subject matter jurisdiction over the actions of third parties (not parties to the bankruptcy proceeding) regarding assets which have "ceased to be part of the bankruptcy estate ...." *Id*. at 786.

IV.    Conclusion.

The Motion to Transfer is due to be denied.  An appropriate order will be entered herewith.

DONE, this the 18th day of February, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge